# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00031-TWP-DML |
| | ) | |
| DELL INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on Plaintiff Erie Insurance Exchange's ("Erie") Motion to Remand Case for Lack of Subject Matter Jurisdiction (Filing No. 16).  Erie initiated this insurance subrogation action against Defendant Dell Inc. ("Dell") in state court.  Dell then filed a Notice of Removal and removed the action from state court to this Court based on diversity jurisdiction. Erie seeks remand of the case back to state court, asserting there is a lack of diversity between the parties and therefore a lack of federal subject matter jurisdiction.  For the reasons stated below, Erie's Motion is **granted**.

## I.    BACKGROUND

On January 8, 2020, Erie filed a Complaint against Dell in the Clark County Circuit Court No. 2 under Cause Number 10C02-2001-CT-000002 asserting claims against Dell for negligence and strict products liability.  (Filing No. 1-1.)  The claims are based upon Erie seeking subrogation from Dell after Erie paid an insurance claim for losses sustained by its insured resulting from a fire.  Dell promptly filed a Notice of Removal on February 5, 2010, alleging complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000.00.  (Filing No.

1.)  The amount in controversy is $116,207.56, exclusive of interests and costs, and is not at dispute in this case.  *Id.* at 2.

On February 10, 2020, the Court issued an Entry on Jurisdiction, instructing Dell to file a supplemental jurisdictional statement because the Notice of Removal, (Filing No. 1), failed to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. (Filing No. 7.) Dell filed a Supplemental Jurisdictional Statement on February 24, 2020, alleging that Erie is a citizen of Pennsylvania and re-alleging Dell's Texas and Delaware citizenship.  (Filing No. 11.)  Less than two weeks later, Erie filed the instant  Motion to Remand, asserting a lack of subject matter jurisdiction based on lack of complete diversity because Erie also is a citizen of Delaware.  (Filing No. 16.)

## II.   LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ."  28 U.S.C. § 1446(a).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

Section 1332 requires complete diversity, meaning that no plaintiff may be a citizen of the same state as any defendant. *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 676 (7th Cir. 2006). If any plaintiff and any defendant are citizens of the same state, complete diversity is destroyed, and the federal court lacks subject matter jurisdiction under 28 U.S.C. § 1332. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373–75 (1978). The existence of subject matter jurisdiction is a threshold issue, and any removed case lacking a proper basis for subject matter jurisdiction must be remanded. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998).

### III.   DISCUSSION

Erie asserts that remand is required because there is a lack of diversity of citizenship between itself and Dell, and thus, a lack of federal subject matter jurisdiction. Erie asserts that it is a citizen of Delaware (as well as other states), and because both Erie and Dell are citizens of Delaware, there is no diversity of citizenship between the parties. In its response, Dell contends that Erie is not a citizen of Delaware, so diverse citizenship exists.

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As a corporation, Dell is a citizen of both its state of incorporation and the state in which it has its principal place of business. There is no dispute that

Dell is incorporated in Delaware, and its principal place of business is in Texas. Thus, Dell is a citizen of Delaware and Texas.

Erie, on the otherhand, is a reciprocal insurance exchange. "A reciprocal insurance exchange is an unincorporated business organization of a special character in which the participants, called subscribers (or underwriters) are both insurers and insureds." *Themis Lodging Corp. v. Erie Ins. Exch.*, 2010 WL 2817251, at *1 (N.D. Ohio July 16, 2010) (internal citation and quotation marks omitted). "[A] reciprocal insurance exchange is a web of contractual relationships between subscribers who agree to insure one another, consummated through a common agent with power of attorney." *True v. Robles*, 571 F.3d 412, 414 (5th Cir. 2009).

An unincorporated association's citizenship for purposes of determining diversity in federal court is that of each of its equity investors, partners, or members. *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). To determine whether complete diversity exists with unincorporated associations, citizenship "must be traced through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003). Thus, an unincorporated association is treated as a citizen of every state of which any equity investor, partner, or member is a citizen. *Indiana Gas*, 141 F.3d at 316.

As noted above, Erie is not a corporation, but rather an unincorporated reciprocal insurance exchange. Relying on *Indiana Gas* and *Themis Lodging*, Erie argues that, as an unincorporated association, it must be treated as a citizen of every state in which any partner or member is a citizen. Erie points out, "[c]ourts have long recognized that reciprocal exchange insurance associations, like Erie, do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member." *Themis Lodging*, 2010 WL 2817251, at *1.

4

Erie points out that, given their dual role as both the insured and the insurer, the policyholders or members of the exchange are usually called "subscribers".  Erie has submitted the affidavit of Jennifer Martin ("Martin"), one of its senior subrogation specialist. (Filing No. 16-1.)  In her affidavit, Martin affirms that Erie has 234 subscribers/policyholders who live in Delaware, and she has attached a list of Erie's Delaware policyholders to her affidavit.  Erie argues these subscribers/policyholders are "members" of Erie, they are citizens of Delaware, and thus, Erie is a citizen of Delaware.  The result is that diverse citizenship does not exist between the parties.

In response, Dell argues that Erie is not a citizen of Delaware.  Erie is organized under the laws of Pennsylvania.  Dell asserts that Erie Indemnity Company ("Erie Indemnity"), a Pennsylvania corporation, is Erie's corporate *partner* and attorney-in-fact.  (Filing No. 11 at 2–3.)  However, Erie noted on the record that it is not owned by a parent company or corporation, and no publicly held company or investment fund holds a 10% or more ownership interest in Erie.  (Filing No. 12.)  Dell argues that, because Erie is domiciled and maintains its principal place of business in Pennsylvania, is not licensed to do business in Delaware, and is managed by Erie Indemnity (a Pennsylvania corporation), Erie is not a citizen of Delaware.

Relying on *Garcia v. Farmers Insurance Exchange*, Dell argues that, even if Erie has policyholders who live in Delaware, those policyholders are its customers, not its members.  121 F. Supp. 2d 667, 669–70 (N.D. Ill. 2000).  Dell points out that the exhibit attached to Martin's affidavit even notes the Delaware citizens are "customers."  In *Garcia*, the court addressed a motion to dismiss for lack of subject matter jurisdiction filed by the insurance exchange.  The court concluded that Farmers Insurance Exchange was an unincorporated association, and although it had not produced any evidence that it had any members or policyholders in the same state as the

plaintiff, "even if every individual citizen of Illinois had a policy with [Farmers Insurance] Exchange it would not matter," *id*. at 669. The *Garcia* court concluded the subscribers or policyholders were customers, not members. Thus, the court determined there was no evidence of members in the same state as the plaintiff and complete diversity existed between the parties. *Id.* at 669–70. Dell also relies on *Erie Insurance Exchange v. Davenport Insulation Inc.*, where the court denied Erie's motion to remand based on the court's holding in *Garcia*. 616 F. Supp. 2d 578, 579–80 (D. Md. 2009). Thus, Dell reasons that even if it is found that Erie has policyholders in Delaware, those policyholders are customers, not members, and thus, Erie still is not a citizen of Delaware.

After reviewing the case law relied upon by the parties (as well as additional case law) and considering the parties' arguments, the Court concludes that Erie is a citizen of Delaware, and diversity of citizenship does not exist between the parties. This is because Erie's insureds are members of the reciprocal insurance exchange.

Many courts have come to the opposite conclusion of *Garcia* and *Davenport Insulation*, concluding that when Erie has subscribers/policyholders in the state of an opposing party, there is no diversity jurisdiction. For example, in *Erie Insurance Exchange v. Electrolux Home Products, Inc.*, when presented with the same arguments and case law as presented here, the court remanded the case to state court because the defendant was a citizen of Delaware as was Erie Insurance Exchange with its policyholders in Delaware. *Erie Insurance Exchange v. Electrolux Home Products, Inc.*, 2011 WL 2945814 (W.D.N.C. July 15, 2011).

In *Themis Lodging*, the court dismissed the case under Rule 12(b)(1) because the plaintiff was a citizen of Michigan and Erie Insurance Exchange had subscribers/policyholders in Michigan. *Themis Lodging*, 2010 WL 2817251, at *1. There, the plaintiff urged the court to

"retain jurisdiction by recognizing the [P]laintiff as a 'subscriber' of the exchange rather than as a 'member' of the exchange, suggesting that the distinction is jurisdictionally meaningful." *Id.* However, the court determined, "[c]ourts make no legally significant distinction between a 'subscriber' or 'member' of the exchange," saying the distinction "bears no legally significant weight." *Id.*

In *Lavaland, LLC v. Erie Insurance Exchange*, Erie filed a motion to dismiss, arguing that it and Lavaland were both citizens of Illinois.  Erie argued because it was a reciprocal insurance exchange and that control of the insurance exchange is vested in its subscribers, some of which were citizens of Illinois, there was no diversity jurisdiction.  *Lavaland, LLC v. Erie Ins. Exch.*, 2009 WL 3055489, at *2–3 (S.D. Ill. Sept. 22, 2009). The court stated, "Erie correctly points out [that] because it has subscribers in Illinois, it is considered a citizen of the State of Illinois," and because the plaintiff also was a citizen of Illinois, the court dismissed the case for lack of diversity jurisdiction.  *Id.* at *3.  *See also HIOB v. Progressive Am. Ins. Co.*, 2008 WL 5076887, *1 (D. Md. Nov. 24, 2008) (remanding case because of lack of diversity jurisdiction because "Erie Insurance Exchange has members/policyholders who are citizens of Maryland"); *Olson v. Lacey*, No. 06-C-456-S, 2006 WL 3017486 (W.D. Wis. Oct. 19, 2006) (remanding case because of lack of diversity jurisdiction with Erie Insurance Exchange); *James G. Davis Cont. Corp. v. Erie Ins. Exchange*, 953 F. Supp. 2d 607, 610 (D. Md. 2013) (holding Erie's policyholders are members for diversity jurisdiction purposes).

Although Dell cites *Garcia* and *Davenport Insulation* in support of its argument that policyholders of a reciprocal insurance exchange should be considered customers and not members, this Court finds these cases to be against the greater weight of authority and not binding on this Court.  In fact, the same judge who issued the order in *Garcia* has since issued an order in

a different case, determining that the policyholders of an insurance exchange are members (not simply customers) for purposes of diversity jurisdiction.  The court arrived at that opposite conclusion based on the insurance exchange's failure to provide sufficient evidence as to citizenship in the *Garcia* case.  *See Farmers Ins. Exch. v. One Sample, LLC*, 2020 U.S. Dist. LEXIS 4188, at *4 (N.D. Ill. Jan. 10, 2020).

Erie is a reciprocal insurance exchange, and control of this organization is vested in its subscribers or policyholders.  *Lavaland*, 2009 WL 3055489 at *3.  Erie has 234 subscribers who are citizens of Delaware.  Since these subscribers/policyholders are members, Erie itself is a citizen of Delaware.  As Dell is also a citizen of Delaware, there is a lack of diversity jurisdiction and a lack of federal subject matter jurisdiction.  Therefore, remand is required.

## IV.   <u>CONCLUSION</u>

For the reasons stated above, Plaintiff Erie Insurance Exchange's Motion to Remand Case for Lack of Subject Matter Jurisdiction, (Filing No. 16), is **GRANTED**, and this action is **REMANDED** back to the state court.  The Clerk is **directed to remand** this matter to the Clark County Circuit Court No. 2, Cause No. 10C02-2001-CT-000002, and to **close** this federal action.

**SO ORDERED.**

Date:  6/5/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin L. Moyer
MOYER LAW FIRM PC
kmoyer@moyerlawfirmpc.com

Michael A. Kreppein
HUELAT MACK & KREPPEIN
michael.kreppein@wilsonelser.com